IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALTO DYNAMICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-829-RP |
| | § | |
| WAYFAIR LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Defendant Wayfair LLC's ("Defendant") motion for a protective order staying merits discovery, (Dkt. 27), Plaintiff Alto Dynamic, LLC's ("Plaintiff") motion for leave to conduct expedited venue discovery, (Dkt. 29), and Plaintiff's motion to file a surreply in opposition to Defendant's motion to dismiss, (Dkt. 33). For the reasons that follow, the Court will grant Defendant's motion for a protective order, grant and deny Plaintiff's motion for expedited venue discovery in part, and deny Plaintiff's motion for a surreply.

Plaintiff filed its complaint on August 12, 2022. On January 18, 2023, Defendant filed a motion to dismiss, (Dkt. 21), and an opposed motion to transfer this case to the U.S. District Court for the District of Massachusetts, (Dkt. 22). On February 1, 2023, Plaintiff filed a stipulation to toll its response to the motion to transfer until it submitted its motion for leave to take special venue discovery. (Stip., Dkt. 23). The Court granted the stipulation on February 2. (Order, Dkt. 26). Also on February 2, Defendant filed a motion for a protective order, asking to stay discovery pending rulings on their motions to dismiss and transfer venue. (Mot., Dkt. 27).

On February 6, Plaintiff filed its motion for leave to conduct expedited venue discovery prior to filing a response to the transfer motion. (Mot., Dkt. 29). It asks to serve discovery requests and deposition notices and allow 90 days to conduct venue-related discovery. (*Id.*). Defendant filed a

response partially opposing the motion. (Def.'s Resp., Dkt. 32). It states that Defendant does not oppose targeted, written venue discovery raised by the motion to transfer, but that the rest of Plaintiff's discovery attempts would be unduly intrusive and burdensome. (*Id.*). Finally, on February 15, Plaintiff filed a motion for leave to file a surreply in opposition to Defendant's motion to dismiss. (Mot., Dkt. 33). Defendant filed a response a day later. (Def.'s Resp., Dkt. 34). The Court will first address the motion for a protective order, before turning to the motion for leave to conduct expedited discovery the motion for leave to file a surreply.

### A. Motion for a Protective Order

Defendant seeks a Rule 26 protective order staying discovery pending a ruling on its motion to dismiss and motion to transfer. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Serafine v. Abbott*, No. 1:20-CV-1249-RP, 2021 WL 3616102 (W.D. Tex. May 12, 2021). Under Rule 26(c), a court may issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To show "good cause," the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020). "To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *Id.*; *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Both the likelihood of transfer and the minimal harm of delaying discovery weigh in favor of a protective order. It appears likely that discovery will be substantially located in Massachusetts, where Wayfair LLC has its headquarters. (Mot. Transfer, Dkt. 22, at 4–6). Assuming Wayfair's

declarations are accurate, the large majority of witnesses and employees with relevant knowledge are in Boston. (*Id.*). Perhaps more importantly, Plaintiff already seeks expedited discovery on the motion to transfer. As the parties have yet to conduct this expedited discovery, there is no need to duplicate simultaneous discovery efforts. Accordingly, discovery in this case shall be stayed except for information related to venue as authorized in this order. The Court may lift this stay if it determines that venue is proper in the Western District of Texas.

### B.  Motion for Leave to Conduct Expedited Venue Discovery

Plaintiff seeks leave to conduct expedited venue discovery, while Defendant opposes the motion in part. (Mot., Dkt. 29). Specifically, Defendant notes that it "does not oppose targeted, written venue discovery limited to the issues raised by its motion to transfer" but asserts that certain document requests and depositions would be unnecessary. (Def.'s Resp., Dkt. 32, at 6). Here, the Court agrees with Defendant: determining venue in this case does not warrant such broad discovery inquiries. To decide a venue transfer, a court considers private factors including "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). It also looks to public factors, including "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

Few of these factors require any discovery at all, and those that do can be addressed with targeted interrogatories and limited requests for documents. The ease of access to sources of proof, location of witnesses, and local interest can be sufficiently determined through written discovery and tailored document requests. Plaintiff's contention that "all [it] has to verify Wayfair's contention that

it has not relevant employees or documents in Texas is the word of Wayfair's counsel" can be addressed through written interrogatories. The fact that Defendant is hiring employees in Austin will affect, at most, a part of two of the eight venue factors. (*See also* Def.'s Resp., Dkt. 32, at 9–10 (noting that the hiring of employees in Austin will be of extremely limited relevance since those employees would lack historical knowledge pertinent to this suit)). Accordingly, forcing Defendant to undergo depositions would be unduly burdensome.

### C. Motion for Leave to File a Surreply

Finally, the Court turns to Plaintiff's motion for leave to file a surreply in support of its opposition to Defendant's motion to dismiss. (Dkt. 33). Under the local rules, a party may file a reply in support of a motion, but "[a]bsent leave of court, no further submissions on the motion are allowed." W.D. Tex. Loc. R. CV-7(f). Surreplies are "'highly disfavored' and permitted only in 'extraordinary circumstances,' such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief." *Manchester Texas Fin. Grp., LLC v. Badame*, No. A-19-CV-00009-LY, 2019 WL 4228370, at *1 n.1 (W.D. Tex. Sept. 4, 2019) (quoting *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017)). Essentially, "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard. A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. CIV.A. 3:01-CV-1397, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003). When the nonmoving party does not "challeng[e] any alleged newly-presented legal theories" raised by the movant in its reply, and "simply wants an opportunity to continue the argument," a surreply is inappropriate. *Id.*

Plaintiff's proffers only one reason for granting the surreply: that "Wayfair made factual and legal mischaracterizations in its Reply that Alto Dynamics believes require a response." (Mot., Dkt. 33, at 1). This one-sentence conclusory statement is insufficient to show "extraordinary

circumstances." *Luna v. Valdez*, 2017 WL 4222695, at *6. The Court will deny Plaintiff's motion for leave.

For these reasons, **IT IS ORDERED** that Defendant's motion for a protective order, (Dkt. 27), is **GRANTED**. Subject to the limited expedited discovery authorized in this order, all other discovery and pretrial proceedings in this action are **STAYED** until further order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to conduct expedited discovery, (Dkt. 29), is **GRANTED IN PART** and **DENIED IN PART**. As laid out in Defendant's response, (Dkt. 32), expedited discovery on the motion to transfer shall be limited to Interrogatory No. 3 and Requests for Production 4, 7, 8, 10. (Interrogatories, Dkt. 29-2, at 12–24). Defendant shall respond to these requests within 60 days of this order.

**IT IS FINALLY ORDERED** that Plaintiff's motion for leave to file a surreply, (Dkt. 33), is **DENIED**.

**SIGNED** on February 27, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE